RECEIVED
IN LAKE CHARLES, LA

SEP 2 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTY PAPANIA-JONES AND RICHARD CHRISTOPHER JONES, INDIVIDUALLY AND ON BEHALF OF BJ | : | DOCKET NO. 07-1092 |
| VS. | : | JUDGE TRIMBLE |
| NICOLE DUPREE, ET AL | : | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (doc. #9) filed by the State of Louisiana, Department of Health and Hospitals, and Nicole Dupree wherein Defendants move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) – lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### FACTUAL STATEMENT

Plaintiffs make the following allegations in their Petition for Damages filed in state court which was subsequently removed to this Court. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, the Individuals with Disabilities in Education Act ("IDEA"),[1] the Louisiana Children with Exceptionalities Act, ("LCEA")[2] and the Louisiana Constitution of 1974. The defendants are the State of Louisiana through the Department of Health and Hospitals ("DHH") and Nicole Dupree, the Program Manager of the Early Steps Program administered by the DHH.

---

[1] 20 U.S.C. § 1400, *et seq.*

[2] La.R.S. 17:1941, *et seq.*

Plaintiffs are the parents of a minor child, BJ, who was three years of age when the suit was filed. BJ was born on July 11, 2003 with certain developmental issues for which he became eligible for and participated in the Louisiana Early Steps Program, an early intervention program under Part C of the IDEA. The Program is administered by the DHH for infant and toddlers from birth up to age three. Plaintiffs and the DHH developed an individualized family service plan ("IFSP") for BJ which outlined the child's goals and objectives. Pursuant to the IFSP, Occupational Therapy ("OT") was mandated for BJ two (2) times a week.

In early 2005, BJ's Occupational Therapist quit. On June 29, 2005, Plaintiffs wrote a letter to Early Steps informing them that BJ's therapist quit, and that BJ was not receiving therapy because there were no OT providers in the area. In the letter, Plaintiffs asserted that Early Steps was in violation of Part C of the IDEA regulations. Plaintiffs allege they received no response to their complaint from the Program Manager, Nichole Dupree. Plaintiffs complain that Dupree ignored the complaint as well as phone calls from Plaintiffs attempting to follow up on their complaint and seeking to reinstate OT services for BJ. Plaintiffs allege that they were forced to retain the services of a private occupational therapist to replace the services not being provided by DHH.

After Plaintiffs' initial complaint letter, OT services were intermittently provided to BJ, but Plaintiffs complain that there were large and frequent gaps in those services. Thus, on July 6, 2006, Mrs. Papania-Jones filed a second complaint letter with Early Steps alleging that the DHH had failed to provide OT to BJ and was in violation of Part C of the IDEA. Mrs. Papania-Jones alleges that despite her repeated demands and complaints, the OT services mandated under the IFSP were never provided on a regular and consistent basis as required by the IFSP and the IDEA thus, violating state and federal laws and constitutional due process rights. On May 22, 2007, Plaintiffs filed the instant action in the 14th Judicial District Court; the action was subsequently removed to this Court.

## LAW AND ANALYSIS

In their motion to dismiss, Defendants maintain that the action must be dismissed because Plaintiffs failed to exhaust their administrative remedies before filing suit. The Court agrees. Under the IDEA, specifically 20 U.S.C. § 1415(b), parents have the right to present complaints with respect to any matter relating to the identification, evaluation or educational placement of the child or the provision of a free appropriate public education to such child. When such complaints are made, the parents are entitled to an impartial due process hearing conducted by the local education agency.[3] The parents can then appeal the decision rendered by the local education agency to the State agency.[4]

---

[3] 20 U.S.C. (f) in pertinent part, provides the process for an impartial due process hearing as follows:
 **(1) In general**
  **(A) Hearing**
   Whenever a complaint has been received under subsection (b)(6) o (k) of this section, the parents of the local education agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local education agency, as determined by State law or by the State educational agency.

[4] 20 U.S.C. § 1415(i) provides the following:
 **Administrative procedures**
 **(1) In general**
  **(A) Decision made in hearing**
   A decision made in a hearing conducted pursuant to subsection (f) of (k) of this section shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) of this section and paragraph (2).

  **(B) Decision made at appeal**

   A decision made under subsection (g) of this section shall be final, except that any party may bring an action under paragraph (2).

   Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any

3

If they are dissatisfied with the State agency's decision, they can file a civil suit in state court or federal district court.[5] Thus, Plaintiffs are required to exhaust their administrative remedies before instituting this action, otherwise this court does not have proper subject matter jurisdiction.

U.S.C. 1415(i)(2)(C) provides that the federal or state court in which the civil suit is brought shall receive the records of the administrative proceeding and hear additional evidence at the request of a party. The statute envisions that the state agency is in the best position to hear and resolve complaints and that complaints should be presented through the administrative process before being presented to a court. The statute further envisions that the federal or state court review the administrative proceedings, including the evidentiary due process hearing, rather than act as the first hearing body. Otherwise, the state agency is not given an adequate opportunity to resolve complaints and correct errors or deficiencies before being sued.

The Supreme Court has recognized that although judicial review is not normally available until the administrative proceedings have been exhausted, "parent may by-pass the administrative process where exhaustion would be futile or inadequate."[6] Plaintiffs bear the burden of demonstrating the futility or inadequacy of administrative review.[7] Plaintiffs have only established that they filed two complaints. They have not met their burden of establishing that their efforts would be futile or inadequate. They have not alleged that they requested an impartial due process hearing as to the response to those complaints. The Court is aware that Plaintiffs allege that they did not receive the

---

State court of competent jurisdiction or in a district court of the United States, without regard to amount in controversy.

[5] *Id.*

[6] *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592 (1988).

[7] *Id.* 108 S.Ct. at 606.

first response to the first complaint. Plaintiffs still could have requested an impartial due process hearing. Furthermore, after Plaintiffs received a response to their second complaint letter which offered Plaintiffs compensation for BJ's outside OT, Plaintiffs alleged only in their brief that they rejected the offer. Again, Plaintiffs failed to request a due process hearing regarding the agency's offer of compensation. Accordingly, the Court finds that Plaintiffs' failure to seek administrative review precludes federal court jurisdiction under the IDEA.

As to Plaintiffs' remaining claims, 42 U.S.C. § 1983 does not provide an independent jurisdictional basis for this suit, thus, Plaintiffs' present inability to institute suit under the IDEA precludes a claim for damages under § 1983. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.[8]

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted and the instant matter will be dismissed without prejudice at Plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C. § 1367 (c).